Christian, J.,
delivered the opinion of the court.
The act of the general assembly passed Pehruary 12th, 1866, requiring the hanks of the commonwealth to go into liquidation, was the subject of judicial con *380 struction and interpretation by this court in tbe case of “ Exchange Bank v. Knox,” and “ Farmers’ Bank v. Anderson,” 19th Gratt. 739; which cases were after-wards reaffirmed in “Saunders v. White,” 20 Gratt. 327. By these decisions it was held—
1. That the act forbids and prevents all preferences among the creditors of the bank.
2. That a debtor of the bank cannot set off notes of the bank bought up by the debtor after the execution and recording of the deed and notice thereof to the debtor.
3. The banks being utterly insolvent, the trustees are the trustees of the creditors, not of the banks, and are purchasers and assignees for value of all the property and effects of the banks for the benefit of the creditors.
4. Though the charters of the banks require them to take these notes in payment of debts due to them, this does not authorize debtors of the bank to pay their debts in the notes of the bank, bought up after the execution and recording of the deeds conveying their assets to trustees for the benefit of their creditors, because the debts are no longer due to the bank but to the creditors of the bank.
These principles must govern the case now before us. If there was no other plea but payment and set off, this case would be precisely the same as those reported in 19 and 20 Grattan. There was, however, in this case a plea of tender, or what the learned •counsel for the appellee calls a special plea in the nature of a plea of tender; and it is insisted that this plea, and the evidence to sustain it, distinguishes this from the decided cases, and withdraws it from the operation of the principles above stated.
Respect for the opinion of the able and learned *381 judge who decided the case in the Circuit court, and for the learned counsel who maintain that view in argument here, requires a brief consideration of the points raised. The suit is brought upon, notes due the Valley Bank, of which the defendant, James Marshall, is endorser.
At the June term of the Circuit court the defendant pleaded payment and set off, and filed with his plea of set-off notes of the Bank of the Valley to the full amount upon their face value of the plaintiff’s claims. These bank notes were not held or owned by the defendant when the notes sued upon came into the hands of the trustee, but were acquired by the defendant aeter the defendant’s notes came into the hands of Fant, as receiver, and after the institution of this suit, and after knowledge of the assignment to Brent, trustee. Upon the filing of this plea of set-off the cause was continued from term to term until July term 1872. At that term the defendant tendered a plea in the following words: “ The defendant for further plea states, that pursuant to a decree and order of the Circuit court of the United States, made in the cause of the Merchants Bank of Baltimore v. The Bank of the Valley of Va. et al., in which case the said Fant was appointed receiver, dated day of September 1869, herewith exhibited, he, the said defendant Marshall, did heretofore, to wit, on the day of 1870, offer to pay the whole sum with interest and costs claimed in the plaintiff’s declaration in circulating notes (commonly called bank notes) issued theretofore, and put in circulation by the said nominal plaintiff to the said Fant as receiver; which offer was by said Fant refused, saying that he would not receive said circulation; and said defendant brings said money in court with this plea, and has already filed the same *382 with his plea of set-off. Wherefore he says, that he has fully tendered the whole sura claimed by the plaintiff in a currency which he was bound by said decree to take in payment; and this he is ready to verify,” &e., &e.
To this plea the plaintiff demurred; but the court overruled the demurrer: and thereupon the plaintiff replied generally. A jury was waived, and all' the matters of law and fact submitted to the court. And the following judgment was entered: “And the parties waiving a trial of the issue by a jury, agreed to put themselves upon the judgment of the court; and being fully heard, it is the opinion of the court, that the defendant hath paid the debt and interest in the writ mentioned, by the payment of money into court since the institution of this suit. Therefore it is considered by the court that the plaintiff may have execution for its costs about its suit in this behalf expended ; and as to said debts and interest the defendant go thereof without day,” &e. To this judgment a writ of error and supersedeas was awarded by this eourt.
The pretension of the appellee (the defendant in the court below) is, that he is discharged by his tender of the circulating notes of the Bank of the Talley, because of the following order entered in the Circuit ■court of the United States, by Judge Underwood, on the 21st September 1869, before the decision of the court in Exchange Bank &c. v. Knox, 19 Gratt. 789, to wit: “It is ordered and decreed by this court, that the receiver in this cause be and he is hereby authorized to receive the bank bills or circulating notes ■of the Bank of the Talley in payment of all notes, bills discounted or receivable, or other debts of any *383 kind whatsoever, due to said Bank of the Valley and now in his hands as receiver.”
I do not deem it necessary to enter upon the discussion of the question argued by the counsel here, whether this order was merely permissive, or mandatory and imperative.
Conceding that the order of Judge Underwood was imperative on his receiver, yet when the judgment of the Circuit court of Frederick was entered {July term 1872) this order of Judge Underwood had been rescinded by Judge Bond, who followed the decision of the Supreme court of this state, which had declared that a debt due to the bank could not be paid in the depreciated notes of the bank, acquired after notice of the assignment of the assets of the bank.
This suit having been brought in a state court, must be governed by the laws of this state as expounded by this court.
It is urged, however, that the defendant ought to be protected because he acquired these depreciated notes, and was induced to purchase them in consequence of the order of Judge Underwood authorizing the receiver to take them in payment of debts held by the bank.
But the proof shows that Mr. Marshall in acquiring these notes, had no reference to the order of the said Circuit court of the United States; but that they were acquired by him because he was firmly of opinion that these notes of the bank could be pleaded as a set-off to the notes the bank held of which he was endorser; and the notes filed with his plea of tender are the same notes which he had before filed in his plea of set-off.
Mr. Barton’s deposition proves conclusively that Mr. Marshall did not acquire the notes filed with his plea of set-off and afterwards filed (the same notes) *384 with his plea of tender, because of the order of Judge x ' 0 Underwood; but because, as Mr. Barton states, that he (Marshall) was confident that this court would hold that the debtors to the bank could pay their indebtedness with the depreciated notes of the bank. There is nothing in the record to show that Mr. Marshall ever saw or heard of the order of Judge Underwood authorizing his receiver to take the notes of the bank. But if he had, this was an erroneous order, so declared by Judge Bond of the Circuit court and revoked by him. He certainly could acquire no rights under an order confessedly erroneous, and revoked by the court which made it.
When the plea of tender was filed (July 2d, 1872,) this court had decided that a debtor of the bank could not pay his debt by notes of circulation acquired after notice of the assignment by the bank of its assets; and the Circuit court of the United States had, on the 23d November, 1871, revoked the order of Judge Underwood, and after referring in its order to the decision of this court in Exchange Bank v. Knox, and Farmers’ Bank v. Anderson, 19 Gratt. 739, and adopting these decisions as the law of the land, had prohibited the receiver “ from receiving any circulating notes of the Bank of the Yalley, except in cases where such circulating notes were acquired by the debtors before any assignment was made by the Bank of the Yalley to a trustee for the benefit of its creditors.”
The Circuit court of Frederick, however, notwithstanding the decision of the court above referred to, and the order of Judge Bond in accordance therewith, appears to have felt itself constrained, by the original' order of Judge Underwood, authorizing its receiver to take the depreciated notes of the bank in payment of debts due the bank.
*385 No doubt this conclusion was adopted by the learned judge upon the theory that the Circuit court of the United States having jurisdiction of the subject, and having settled the mode of payment of debts due to the bank, the parties who acted under this order were fully discharged when they complied with it. But it must be remembered, that when the plea of tender was filed, the order referred to had been declared erroneous, and had been revoked by the same court which had entered it. The notes tendered by the defendant were not a legal tender in any sense; but, on the contrary, were such notes as both the court and the Circuit court of the United States had declared should not be received in payment of debts due the bank, because they (it is conceded) were acquired after notice of the assignment by the bank of its assets for the benefit of its creditors.
The court is therefore of opinion that the judgment of the said Circuit court of Frederick, declaring-that “the defendant has paid the debt and interest in the writ mentioned, by his payment of money into court since the institution of this suit,” is erroneous, and that the same be reversed and annulled; and that a judgment be entered for the plaintiff in conformity with the principles herein declared.
Staples, J., dissented.
The judgment is as follows:
This day came again the parties by their attorneys, and the court, having maturely considered the transcript of the record of the judgment'aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said judgment is erroneous. Therefore it is considered *386 that the same be reversed and annulled, and that the plaintiff in error recover against the defendant in error its costs by it expended in the prosecution of its writ of error and supersedeas aforesaid here. And this court now proceeding to render such judgment as the said Circuit court ought to have rendered, it is further considered that the plaintiff recover against the defendant the sum of eleven hundred dollars ($1,100), the debt, and $5.56, the costs of protest in the declaration mentioned, with legal interest on $900, part thereof, and $2.76 costs of protest, from the 26th day of June 1861, and on $200, the residue, and $2.80 costs of protest, from the 26th day of April 1861, till payment, and the costs expended by the said plaintiff in the prosecution of the suit in the said Circuit court. Which is ordered to be certified to the said Circuit court of Frederick county.
Judgment reversed.